## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRANDEN SMITH** | : | **CIVIL ACTION NO. 1:22-CV-1324** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **STEPHEN SPAULDING** | : | |
| | : | |
| **Respondent** | : | |

### <u>MEMORANDUM</u>

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241.  Petitioner, Branden Smith, seeks habeas corpus relief requiring the United States Bureau of Prisons ("BOP") to release him from his incarceration in the Lewisburg United States Penitentiary ("USP-Lewisburg").  Smith asserts that he is entitled to habeas corpus relief because the United States Constitution does not allow the BOP or USP-Lewisburg to incarcerate Pennsylvania residents.  Smith also appears to argue (1) that USP-Lewisburg cannot incarcerate him because he is an African American; (2) that he is entitled to habeas corpus relief based on USP-Lewisburg's response to the COVID-19 pandemic; (3) that USP-Lewisburg's purported "incarceration contract" with the Commonwealth of Pennsylvania entitles him to habeas corpus relief; and (4) that inmates in USP-Lewisburg are treated as "undocumented criminal Alien[s]" and are not afforded protections from the United States Constitution.  We will summarily dismiss the petition.

**I.**    <u>**Factual Background & Procedural History**</u>

Smith, who is currently incarcerated in USP-Lewisburg, alleges that respondent, the warden of USP-Lewisburg, has never produced to Smith a written record certifying that his continued restraint in USP-Lewisburg is lawful under the Tenth and Fourteenth Amendments of the United States Constitution. (Doc. 1 at 1). Smith argues that the Tenth Amendment prohibits the federal government "from exercising any lawful Power over citizens of the States' lives except as granted by Constitution of the United States," and that respondent has not shown that Smith's incarceration is permitted by the Constitution. (<u>Id.</u> at 2).

Although Smith represents that his habeas corpus petition "seeks only an Order to make return of the record Certifying Power making lawful . . . Respondent's restraint of Applicant," (<u>see</u> Doc. 1 at 3), we liberally construe Smith's petition as raising several other arguments for habeas corpus relief. First, Smith asserts that the Fourteenth Amendment limits the government's ability to incarcerate African Americans. (<u>See</u> Doc. 1 at 1 ("Case Is Solely One Arising Under Fourteenth Amendment's Prohibitions Upon State of Pennsylvania As to Black Citizens. . . .").)

Second, Smith asserts that he is entitled to habeas corpus relief because respondent is a "commercial incarcerator" who "executes commercial incarceration Contracts paid for by Federal funding" and "claims . . . to serve an out of State Government's laws, that grant him in State executive Power over [Smith's] liberty and life unrestrained by and no accountability to 14th and 10th Amendments' limits on Pennsylvania and the United States Powers." (Doc. 1 at 1).

Third, Smith asserts that the term "federal inmate" is a legal fiction used to create a "permanent and irrebuttable presumption that anyone found incarcerated in Lewisburg, PA . . . is a federal inmate. That is to say, is presumed finally and unappealable [sic] to be an undocumented criminal Alien without the prerequisite citizenship of the United States necessary for right to liberty in any State." (Doc. 1 at 1).

Finally, Smith appears to assert that he is entitled to relief because USP-Lewisburg has not taken sufficient steps to mitigate the risks posed by the COVID-19 pandemic. (Doc. 1 at 2-3). Smith alleges that USP-Lewisburg does not enforce mask wearing in the facility, does not separate vaccinated inmates from unvaccinated inmates, does not allow social distancing between inmates during meals, and continues to double cell inmates. (Id. at 3).

## II.   **Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.   **Discussion**

Smith is plainly not entitled to habeas corpus relief, as all of his arguments are meritless. His primary argument is that the Constitution does not allow the BOP or USP-Lewisburg to incarcerate Pennsylvania residents. (Doc. 1 at 1-2). This is plainly untrue. Article I of the Constitution grants legislative power to Congress

and Congress has in turn passed a statute requiring the BOP to incarcerate "all persons charged with or convicted of offenses against the United States."  18 U.S.C. § 4042(a)(2).

Smith's second argument is that under the Fourteenth Amendment the government is not permitted to incarcerate African American people.  (Doc. 1 at 1).  The Fourteenth Amendment contains no such provision.  See U.S. Const. amend. XIV.

Smith's third argument is that respondent is a "commercial incarcerator" operating on an incarceration contract.  (Doc. 1 at 1).  We liberally construe this argument as asserting that USP-Lewisburg is a private prison and that Smith is entitled to habeas corpus relief on that basis.  The argument is without merit as USP-Lewisburg is not a private prison, see Contract Prisons, Federal Bureau of Prisons, https://www.bop.gov/about/facilities/contract_facilities.jsp (last visited Sept. 6, 2022).

Smith's fourth argument is that the term "federal inmate" is a legal fiction designed to treat inmates in federal prisons as though they are not citizens of the United States entitled to constitutional protection.  There is no support for this argument.  As noted above, Congress has passed a law allowing the BOP to incarcerate individuals who have been convicted of federal offenses.  18 U.S.C. § 4042(a)(2).  Nothing in this statute or any other federal law mandates that federal inmates be treated as noncitizens lacking any constitutional protections.  Indeed, to the contrary, noncitizens are entitled to various protections under the Constitution

when physically present in the United States.  See, e.g., Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

Finally, Smith's argument based on the COVID-19 pandemic is without merit.  As of this writing, the threat posed by COVID-19 within Smith's institution is minimal.  BOP statistics list only one positive case of COVID-19 in USP-Lewisburg, see COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (select "Full breakdown and additional details") (last updated Sept. 5, 2022), and the BOP has implemented extensive efforts to prevent future outbreaks, see BOP Modified Operations, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 6, 2022).  Smith has also not alleged any facts as to how he is particularly susceptible to COVID-19, and generalized fear of COVID-19 is not sufficient to obtain habeas corpus relief.  Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (stating in context of motion for compassionate release that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release");[1] see also, e.g., Ndir v. Doll, 459 F. Supp. 3d 627, 634 (M.D. Pa. 2020) (Conner, C.J.).  Moreover, vaccination is highly effective at preventing severe illness, hospitalization, or death from COVID-19, see COVID-19

---

[1] The Third Circuit in Raia held that motions under 18 U.S.C. § 3582(c)(1)(A) cannot be brought directly in the court of appeals and that the defendant's failure to exhaust administrative remedies would render remand futile.  See Raia, 954 F.3d at 596-97.  Anything the court said about the merits of the motion, after its threshold jurisdictional determination, is arguably dicta.  We are nonetheless persuaded by and agree with the court's observations as to the availability of compassionate release during the COVID-19 pandemic.

*Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/ effectiveness/work.html (last visited Sept. 6, 2022)., and COVID-19 vaccines are widely available to inmates in all BOP facilities, <u>see</u> *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (select "Learn more about vaccinations and view individual facility stats") (last visited Sept. 6, 2022).

**IV.**     <u>**Conclusion**</u>

　　We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.

<u>/S/ CHRISTOPHER C. CONNER　　</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 6, 2022